IN RE NORTHWAY WHOLESALE, INC.: CREST FINANCE COMPANY, INC., Appellant, v. JOHNSON, Receiver, Defendant: WISCONSIN VALLEY TRUST COMPANY, Trustee, Respondent.

*November 26—December 20, 1963.*

For the appellant there was a brief by *Allan Polachek* of Milwaukee, and *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Arthur Kaftan.*

For the respondent there was a brief by *Smith, Puchner, Tinkham & Smith,* and *Eberlein & Eberlein,* all of Wausau, and oral argument by *Richard P. Tinkham.*

FAIRCHILD, J.   The facts which were before us in 1961 are stated in the opinion then filed, and need be only outlined here.

On April 24, 1958, United Wholesalers was adjudicated a bankrupt in the United States district court for the Western district of Wisconsin. Northway claimed a property interest in certain merchandise of United, through warehouse receipts issued to Crest, and sold by Crest to Northway.

The validity of the receipts was disputed. Pending determination, the bankruptcy court permitted Northway to sell the merchandise on condition that a surety bond in the amount of $50,000 be filed and proceeds of sales in excess of $50,000 be deposited with the trustee in bankruptcy. Although sales were made in excess of $65,000, only $1,773.32 was deposited.

On January 21, 1959, a receiver was appointed for Northway in this proceeding.

The bankruptcy court ultimately determined that the warehouse receipts on which Northway based its claim of title were ineffective, and awarded judgment in favor of the trustee and against Northway in the amount of $66,774.79.

The municipal (now county) court determined by order dated August 5, 1960, that the claim of the trustee in bankruptcy was "a money judgment and general claim against the assets of Northway Wholesale, Inc." On appeal by the trustee, we reversed this order (and affirmed another, not material on the present appeal).

We have carefully read the briefs submitted on the earlier appeal and are satisfied that the only question presented to this court with respect to the order of August 5, 1960, was whether the judgment claim of United was entitled to priority of distribution over debts due to creditors generally. The conflict presented to us lay between the interests of the trustee in bankruptcy and the interests of the receiver and of general creditors of Northway. Although Crest filed a brief, it did not disclose a claim by Crest of any property interest in any particular asset on hand.

We did not decide, although the parties argued, a claim by the trustee that his claim would be entitled to a priority status as to any sums which might ultimately be recovered by the receiver in an action brought against Crest in the United States district court for the Eastern district of Wisconsin. Our mandate simply reversed the order appealed from, and we said in the opinion: "The order holding that the trustee's claim is not entitled to a priority against the present assets of the receivership must be reversed."

There are certain other facts material to the present appeal, some of which were reflected in papers in the record before us on the first appeal, although the parties did not refer to them in the statements of facts nor argument in their briefs, and others of which were not reflected in that record. These are:

On March 30, 1959, Crest had filed a petition for reclamation. Crest alleged that in September and October, 1958, it had advanced funds to Northway and taken notes in the amount of $21,030.76; that the notes were secured by non-negotiable warehouse receipts issued by Lawrence Warehouse Company, covering stored merchandise; that the value of the merchandise was less than the amount due on the notes plus storage charges; and seeking the right to take possession of the merchandise. This petition was not in the record on the earlier appeal.

On October 20, 1959, the court ordered the receiver to sell this merchandise and to hold the proceeds "subject to all claims that the said goods and merchandise was subject to." This order was in the record on the earlier appeal, and was referred to in our opinion. Although mention was made in the order that Crest held warehouse receipts covering the merchandise, the parties did not bring this fact to our attention.

After the sale, Crest moved that the $15,900 proceeds, less expenses, be paid to it. These motion papers were not in the record on the earlier appeal.

Thus Crest appears to claim that at a time in 1958 when Northway was permitted by the bankruptcy court to transfer title to merchandise which turned out to belong to United, and substitute the proceeds of sale for the merchandise, Northway transferred title to Crest as security for money which Northway may have been obligated to turn over to the trustee in bankruptcy. A number of issues have been raised as to the claim made by Crest, but it seems to be Crest's theory that if it sustains its claim, the trustee must look to the proceeds of the loans or funds with which the proceeds were commingled and not to the goods which were transferred as security or to the $15,900 fund which represents the proceeds of sale by the receiver.

Crest's reclamation petition was brought on for hearing May 22, 1961, after our earlier decision. A number of papers have been filed in support and opposition, and Lawrence Warehouse Company has been impleaded, since the validity of its receipts has been questioned.

The county court delayed decision for a time because of the pendency of other litigation against Crest, but on April 22, 1963, filed a memorandum in which the court said:

"I have concluded that Crest is precluded from asserting any claim by the decision of the Wisconsin Supreme Court, hereinbefore referred to, . . ."

The learned circuit judge was doubtless misled by a supposition that the record before us on the first appeal fully disclosed Crest's claim of a property interest in the merchandise sold by the receiver for $15,900. So supposing, our statement in our opinion that "the proceeds of the sale are held by the receiver as constructive trustee to satisfy the judgment of the trustee for United" seemed to him an adjudication that Crest had no interest therein. He pointed out that Crest had appeared and argued on the first appeal, but was doubtless unaware that Crest had not informed us of the nature of its claim to this particular fund.

It will now be necessary for the county court to determine the merits of Crest's petition. We express no opinion thereon.

*By the Court.*—Order reversed, cause remanded for further proceedings not inconsistent with this opinion. No costs to be taxed in this court.